## CHAS. F. LANDER v. STEPHEN MORGAN'S EXR., et al.

**Answer — Burden of Proof.**

The burden of proving allegations in an answer of a partial defense as to excessive interest devolves on the defendant.

APPEAL FROM FLEMING CIRCUIT COURT.

September 19, 1866.

OPINION OF THE COURT BY JUDGE HARDIN:

On the 25th day of September, 1861, C. F. Lander and E. H. Lander executed and delivered their joint promissory note for $3,410 to Abner Hard, trustee of Harriett G. Evans, payable twelve months thereafter. Also their two other notes of $170.50 each, one payable six months, and the other one year, after date, both of which were given to secure the interest at 10 per cent. on the $3,410 from the 25th day of September, 1861, till the 25th day of September, 1862. Said three notes were afterward assigned by Hard, as trustee, to Stephen Morgan, the plaintiff in the court below. The petition seeks to recover of the $3,410 note and interest, less a credit thereon of $847.10, as paid December 15, 1861. The answer alleges a further payment of $1,700 to have been made on the 29th of January, 1863, which is admitted in a reply subsequently filed by Morgan. The answer further alleges that the note of $3,410 in controversy was given in renewal of a note held by Hard in his own right on C. F. Lander, dated May 25, 1860, for $3,100 given in consideration of a lot of mules sold by Hard to Lander, and that in the renewal interest on

13

$3,100 was included at the usurious rate of 10 per cent. *per annum,* and anticipated for the next ensuing year by the two notes of $170.50 each. The answer further alleges a payment of $1,204 instead of $847.10, as credited on the note in controversy, and that the excess of this payment went to extinguish the notes of $170.50 each; and this fact is also admitted in the reply and by a statement predicated on this alleged state of fact and excluding excessive interest the answer concedes a balance due Morgan of $589.22, with interest, from the 29th of January, 1863, for which the court on the 7th of March, 1863, rendered judgment, thus leaving the matter in litigation, as assumed by the defendant to embrace only the alleged illegal interest in the note.

We do not regard the answer as presenting either a set-off or counterclaim requiring or authorizing a reply, but simply as setting up as a partial defense the supposed sum added with and forming part of the consideration of the note for excessive interest on the former note to Hard. An issue as to which the burden of proof is on the defendant. The pleadings filed as replies by Morgan and Mrs. Evans controvert the material averments of the answer, but disregarding them, the law devolves on the defendant the burden of proving his defense, which he does not appear to have done. We do not find in this record any sufficient evidence either that usurious interest was ever exacted on the note of $3,100 to Hard or that that note or any part of it formed the consideration of the note in controversy, and we deem it unnecessary, therefore, to consider the other questions presented in the argument. The balance of the debt seems to have been correctly adjusted by the commissioner's report, and we perceive no error in the judgment of the court below.

Wherefore, the judgment is affirmed.